McFarland, J.,
delivered the opinion of the court:
. The hill is for a rescission of a contract by which the complainants purchased of the defendants a tract of land, and an undivided interest in another tract, all lying in De-Kalb county. The allegations of the bill are sufficient, if true, to entitle complainants to the relief. The return of the process shows a regular service more than five days before the commencement of the term, and on the fourth day of the term there was a judgment pro confesso, and a final decree rescinding the contract, and rendering a decree in favor of the complainants for the amount paid by them, which was declared a lien on the land, and the same ordered to he sold in satisfaction thereof. This decree was at the same term amended so as to order an account of the rents, and also of settlement. The master reported to the next term that he had sold the land altogether, when it was purchased by the complainants at the price of $-, being the debt and costs due on said land; he also made another report showing that he had taken the deposition of one witness, from which, he expected that the rents amounted to $70.83, and the improvements were reasonably worth $100. At this term — that is, the next term after the decree — the defendant appeared and asked to have the judgment pro confesso set aside for leave to file an answer and cross-hill. This was refused, and both reports of the master confirmed, and the defendant has appealed. The grounds for setting aside, the judgment pro confesso, and decree, seem to have been that the return of the sheriff on the summons was false; that, in fact, it was executed within five days of the return day. The affidavits upon -which this motion was predicated are not made parts of the record by the bill of exceptions; nor was the answer or cross-bill which the defendants propose to file; *259 besides, if looked to, they are not sufficient to contradict the return.
A defendant who has been served with process, may, at airy time before final decree, on good cause shown, have the pro confesso set aside. This is a matter of discretion with the chancellor, and his action would not ordinarily be reversed, but the application was not made until the next term, after a final decree, when the chancellor had no power to set it aside. If the defendant was entitled to any relief, it was by a bill of review or original bill in the nature of a bill of review, or some similar proceeding. But we think .the decree for a sale in this ease, before the account for rents and settlements was taken, was erroneous; the precise amount for which the sale was to be made should have been ascertained. Lewis v. Baker, 1 Head, 385, and so also a sale of both tracts together.
The reports as to rents and improvements appear not to have been excepted to. It is said to have been taken without notice, but by the fifth chancery rule, adopted by the act of December lé, 1871 [Acts 1871, ch. 97— Shannon’s Code, page 1780], no notice is necessary where the cause is standing upon a pro confesso, unless the party resides in the county, which vras not the case in this instance.
The decree of the chancellor ascertaining the amounts due complainants, is also erroneous. The bill charges that they liad paid on the-', land $621, and defendants’ taxes on land, in D&Kalb county, for 1873, which amount is not recollected. The decree is that defendant is indebted to complainants for payments on said land, with the interests properly cast up to the present time, $618.15, for which decree was rendered. There is no data given in the bill from which this award could have been arrived at, and the fact is, therefore, not established by the pro confesso. The decree in this respect, and also as to the sale, will be reversed and the canse remanded for an account of interests of the purchase money paid, and for further proceed *260 ing, but will not be disturbed in tliat part rescinding the contract and fixing tlie rents and improvements, and giving complainants a lien on tbe amount that may be due them.
Complainants will pay tlie costs of this court.